IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| OSBALDO ELIZONDO, PRO SE,<br>TDCJ-CID No. 1306151,<br>Previous TDCJ-CID No. 818760,<br><br>    Plaintiff,<br><br>v.<br><br>BRAD LIVINGSTON ET AL.,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 2:14-CV-0144 |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff OSBALDO ELIZONDO, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted leave to proceed in forma pauperis pursuant to Title 28, United States Code, section 1915.

Upon review of plaintiff's original complaint and his response to the Court's Questionnaire, the Court gave plaintiff a final opportunity to provide all necessary facts in an amended complaint and informed plaintiff the amended complaint would supersede and replace his earlier pleadings.

By his August 15, 2014 Amended Complaint, plaintiff claims the defendants violated his due process rights, his eighth amendment right to be free from cruel and unusual punishment, and his first amendment rights.

Plaintiff alleges he told defendant C.O. VASQUEZ he was afraid and refused to allow VASQUEZ to close his food slot, which must be closed for security reasons, so VASQUEZ would have to call a superior officer. When defendant VASQUEZ called for a superior officer, defendant Sgt. CAMPOS responded and convinced plaintiff to relinquish the food slot. After plaintiff did so,

plaintiff told CAMPOS "that [plaintiff's] health and safety were in imminent danger from cellmate Hargrove." Plaintiff says CAMPOS did not believe plaintiff and "accused plaintiff of playing a game" in part, because Hargrove was smaller than plaintiff. Plaintiff says CAMPOS did not immediately remove plaintiff from the cell, but, instead, asked Hargrove if there was a problem and then said he would have to think about it.

That same day, plaintiff was apparently assaulted by defendant Hargrove, but does not describe the circumstances surrounding the assault or any injuries he sustained as a result. Plaintiff says he received a "Level 21.0 code" fighting without a weapon disciplinary case. There was a disciplinary hearing on July 7, 2013 and plaintiff was found guilty and given 30 days restriction of privileges.

Plaintiff says that, on June 27, 2014, he notified a defendant Sgt. CHAVEZ that he wanted to file a revised OPI form, to include, for the first time, an allegation of rape. Plaintiff says he was moved to a different cell and filled out a revised OPI form, but was not taken to a free-world hospital for a rape kit.

On June 28, 2013, plaintiff was taken before a Unit Classification Committee (UCC) hearing, at which it was discovered that plaintiff's revised OPI was not on file. The hearing was postponed so further evidence could be gathered. Plaintiff says that, nonetheless, defendant Asst. Warden DAVID heard plaintiff request to be housed with an inmate of the same faith or placed in Special Management/Protective Custody status. Plaintiff also argues defendant DAVID "is legally responsible for the operation of [the] unit and for the welfare of all the inmates of that prison." Plaintiff contends he violated plaintiff's Eighth Amendment rights by "allowing [plaintiff] to be injured/ assaulted . . .."

Plaintiff alleges that, on June 28, 2013, he also notified defendant Sgt. MAES of his rape

and assault claim but says MAES did not send him to a free-world hospital for a rape kit evaluation, in relevant part, because 72 hours had elapsed since the alleged rape. Instead, plaintiff was sent to the unit infirmary for a routine exam. Plaintiff says this constituted a violation of his due process rights, his eighth amendment right to be free from cruel and unusual punishment, and his first and fourteenth amendment rights. Plaintiff does not elaborate further.

Plaintiff claims he attended another Unit Classification Committee hearing on July 3, 2013, chaired by defendant Major CLARK. At the hearing, defendant CLARK informed plaintiff that plaintiff would not be housed with inmate Hargrove and made a notation in plaintiff's file. Nevertheless, plaintiff argued that would not "solve [plaintiff's] problem(s)" and that plaintiff needed to be single-celled or celled "with an inmate of the same faith (jew) as the plaintiff." Plaintiff states defendant CLARK replied that plaintiff could not chose with whom he would be housed. Plaintiff claims this constituted deliberate indifference to plaintiff's health and safety and a callous and malicious disregard of plaintiff's First Amendment right to practice his religion, as well as his due process rights and rights under the Eighth and Fourteenth Amendments.

On July 10, 2013, plaintiff was assigned back to a cell in the E.C.B. Plaintiff told defendant Lt. MCCOY that he was afraid of "being attacked by inmates" because of what had occurred on June 26, 2013. Plaintiff says defendant MCCOY spoke with defendant Asst. Warden BEACH on the telephone and told plaintiff he had to move to ECB. Plaintiff refused, and a use of force team was required to move plaintiff, in leg and hand restraints on a gurney to his cell. When plaintiff was placed in the cell and allowed to stand in his restraints, inmate Hargrove entered the cell and plaintiff attempted to strike him with his knee. Plaintiff was then subdued and removed from the cell and taken to medical.

Plaintiff says he "believes all defendants named on this date and prior did conspire to injure

3

plaintiff . . .."

Plaintiff states he believes defendant LIVINGSTON, the Executive Director of TDCJ-CID, is legally responsible for the overall operation of the Department and each unit and is liable for the alleged violations of plaintiff's rights. Plaintiff asserts the same claim against defendant Head Warden MARTIN.

Plaintiff requests declaratory judgment, a preliminary and permanent injunction ordering the defendants to permanently place plaintiff in "Special Management/Protective Custody" at the Clements Unit, and that the Court award plaintiff $25,000.00 in compensatory damages jointly and severally, $25,000.00 in punitive damages jointly and severally, and costs.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

---

[1]A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2]*Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff in his complaint to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Plaintiff's claims against defendant LIVINGSTON, the Executive Director of TDCJ-CID, and defendant Head Warden MARTIN appear to be based entirely upon the supervisory positions of these defendants. A supervisory official may be held liable only when he is either personally involved in the acts causing the deprivation of a person's constitutional rights, or there is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir.1981) *(per curiam)*. Plaintiff has alleged no fact demonstrating personal involvement by these officials and has alleged no fact showing any causal connection between their acts or omissions and the alleged constitutional violations. The acts of subordinates trigger no individual section 1983 liability for supervisory officers. *Champagne v. Jefferson Parish Sheriff's* Office, 188 F.3d 312, 314 (5th Cir. 1999). Consequently, plaintiff's allegations against defendants LIVINGSTON and MARTIN fail to state a claim on which relief can be granted.

The Eighth Amendment's proscription against cruel and unusual punishment requires prison officials to protect inmates from violent attacks by other inmates. *Farmer v. Brennan,* 511 U.S. 825, 833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Liability for an Eighth Amendment deprivation requires the same delinquency in denial of protection against harm from other inmates as it does for denial of medical care, *Johnston v. Lucas*, 786 F.2d at 1259; thus, there must be an allegation of facts which will support deliberate indifference on the part of officials, *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). The plaintiff prisoner must prove: (1) he is

incarcerated under conditions "posing a substantial risk of serious harm," and (2) that the defendant

prison official's state of mind is one of "deliberate indifference" to the prisoner's health or safety.

*Horton v. Cockrell*, 70 F.3d 397, 401 (5th Cir. 1995); *Jones v. Greninger*, 188 F.3d 322, 324-25

(5th Cir. 1999).

The appropriate definition of "deliberate indifference" under the Eighth Amendment is

"subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837, 114

S.Ct. 1970, 1980, 128 L.Ed.2d 811 (1994); *Reeves v. Collins*, 27 F.3d. 174 (5th Cir. 1994).  In this

regard the Supreme Court has cautioned:

> [A] prison official cannot be found liable under the Eighth Amendment . . . unless
> the official knows of and disregards an excessive risk to inmate health or safety; the
> official must both be aware of facts from which the inference could be drawn that a
> substantial risk of serious harm exists, and he must also draw the inference.

*Farmer v. Brennan*, 511 U.S. at 837-38, 114 S.Ct. at 1979.  It is only under exceptional

circumstances that a prison official's knowledge of a substantial risk of harm may be inferred by the

obviousness of the substantial risk.

"[A]n official's failure to alleviate a significant risk that he should have perceived but did

not, while no cause of commendation, cannot under our cases be condemned as infliction of

punishment." *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811, 823

(1994).  Furthermore, the mere negligent failure to protect a prisoner from assault does not comprise

a constitutional violation.  *See Davidson v. Cannon,* 474 U.S. 344, 347-48, 106 S.Ct. 668, 88

L.Ed.2d 677 (1986); *Oliver v. Collins,* 914 F.2d 56, 60 (5th Cir.1990).

Plaintiff's allegations do not support the element of deliberate indifference by any one or

more of the defendants.

Plaintiff's allegations show defendant C.O. VASQUEZ had knowledge that plaintiff had

refused to allow him to close the food slot because plaintiff wanted to speak with a supervising officer about his fear of his cellmate. Defendant VASQUEZ responded by calling a superior officer, exactly as plaintiff wanted. While plaintiff accuses VASQUEZ of failing to remove plaintiff from his cell before he was attacked by his cellmate, plaintiff alleges no fact that shows defendant VASQUEZ had any reason to know that defendant CAMPOS' decision was wrong or that VASQUEZ had the authority to remove plaintiff from his cell when there was no emergency. Plaintiff has failed to allege facts which state a claim of deliberate indifference on the part of defendant VASQUEZ.

Likewise, with defendant Sgt. CAMPOS, VASQUEZ' supervising officer, plaintiff's facts do not show deliberate indifference to plaintiff's safety. Plaintiff alleges he told Sgt. CAMPOS that his "health and safety were in imminent danger from cellmate Hargrove" and that CAMPOS accused plaintiff of playing a game because Hargrove was smaller than plaintiff. Nevertheless, CAMPOS did not reject plaintiff's request to be moved. Instead, he made an ad hoc investigation, talking with both plaintiff and plaintiff's cellmate. Afterwards, CAMPOS said he wanted to think about it. Plaintiff's allegations do not show defendant CAMPOS had learned of facts from which the inference could be drawn that a substantial risk of serious harm to plaintiff existed or that there was an emergency situation. Moreover, plaintiff's account shows defendant CAMPOS was not responding with deliberate indifference, *i.e.*, subjective recklessness, but was, instead, considering plaintiff's complaint. Accepting plaintiff's factual allegations, plaintiff has failed to state a claim of deliberate indifference against defendant CAMPOS.

Plaintiff's claim against defendant Sgt. CHAVEZ is that, after CHAVEZ complied with plaintiff's request for another OPI form so plaintiff could file a revised OPI, the form was not in plaintiff's file at the June 28, 2013 UCC hearing.

7

The revised OPI contained, for the first time, an allegation by plaintiff of sexual assault by inmate Hargrove. Although plaintiff was taken to another cell, he was not taken to a free world hospital for a rape kit. The sexual assault alleged by plaintiff consisted of inmate Hargrove performing oral sex on plaintiff. Plaintiff does not say he requested CHAVEZ to have hm examined or that CHAVEZ refused such an examination. Plaintiff does not allege any fact showing the failure to examine was the result of any act or omission by CHAVEZ. In any event, the facts alleged by plaintiff will support, at most, a claim of negligence against CHAVEZ, if that, but do not show deliberate indifference to an unreasonable risk of harm to plaintiff. Plaintiff has failed to state a claim against defendant CHAVEZ on which relief can be granted.

As to defendant Asst. Warden DAVID, plaintiff alleges DAVID chaired the UCC hearing conducted June 28, 2013 and, when plaintiff brought up the revised OPI and it was discovered the document was not in plaintiff's file, defendant DAVID postponed the hearing until the revised OPI could be found and the claim(s) contained therein could be investigated. Nothing about this course of action by DAVID will support a claim of deliberate indifference to plaintiff's safety and plaintiff does not point to any harm which flowed from it.

Plaintiff further alleges defendant Asst. Warden DAVIS heard plaintiff request to be housed with an inmate of the same faith or placed in Special Management/Protective Custody status. Plaintiff does not allege any decision concerning plaintiff's housing or classification was made at this UCC hearing, instead, all consideration appears to have been postponed until the issue(s) in plaintiff's revised OPI were addressed. Again, this fact does not support a claim of deliberate indifference to plaintiff's safety by defendant DAVID.

Plaintiff argues defendant DAVID is responsible for the operation of the unit and the welfare of the inmates. This claim, like that against defendants LIVINGSTON and MARTIN, rests

8

on a theory of *respondeat superior* and will not support a claim under section 1983. Section 1983 does not create supervisory or *respondeat superior* liability. *Alton v. Tex. A & M Univ.,* 168 F.3d 196, 200 (5th Cir.1999) ( "Only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under § 1983."); *Thompkins v. Belt,* 828 F.2d 298, 303 (5th Cir.1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability.") Plaintiff has failed to state a claim against defendant DAVID on which relief can be granted.

After the June 28, 2013 UCC hearing, plaintiff was interviewed by defendant Sgt. MAES and says he told her of his rape and assault. Plaintiff complains defendant MAES did not send him to a free world hospital for a rape kit and evaluation, in part, because 72 hours had elapsed since the alleged rape. Instead, he was sent to the infirmary for a routine exam. Plaintiff claims this constituted a violation of his due process rights, his eighth amendment right to be free from cruel and unusual punishment, and his rights under the First and Fourteenth Amendments.

Plaintiff does not explain how he feels defendant MAES' actions violated his due process rights. To the extent he thinks MAES was required by a prison policy or regulation to send him to a free world hospital, a failure on the part of defendant MAES, or any other defendant, in this respect does not constitute a violation of plaintiff's due process rights. The mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima. *See, e.g., Murray v. Mississippi Dept. of Corrections,* 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn,* 843 F.2d 864, 867 (5th Cir.), *cert. denied,* 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan,* 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979). At most, plaintiff has stated facts supporting a claim of negligence against defendant MAES, if that, however, negligence will not support relief under section 1983. Plaintiff's claim lacks an arguable

9

basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

As to plaintiff's claims of First, Eighth, and some other Fourteenth Amendment violation, plaintiff has alleged no fact showing any violation of any constitutional right occurred as a result of defendant MAES' acts or omissions and has not shown how he was harmed. Plaintiff has failed to state a claim on which relief can be granted.

Plaintiff claims defendant Major CLARK chaired a July 3, 2013 UCC hearing and determined that plaintiff would not be housed with inmate Hargrove, but refused plaintiff's request to be single-celled or housed with an inmate of the same faith, saying plaintiff could not chose with whom he would be housed. Plaintiff's Amended Complaint does not show defendant CLARK knew facts showing the refusal of plaintiff's request would subject plaintiff to an unreasonable risk of harm and was deliberately indifferent to that risk. Plaintiff does not allege facts showing how defendant CLARK's action placed plaintiff in an unreasonable risk of harm or that plaintiff suffered any harm as a result. Plaintiff has failed to state a claim of any sort against defendant CLARK.

Lastly, plaintiff alleges that, on July 10, 2013, he was assigned back to a cell in the E.C.B., but told defendant Lt. MCCOY he was afraid of "being attacked by inmates" because of what had occurred on June 26, 2013. Plaintiff says MCCOY telephoned defendant Asst. Warden BEACH who said plaintiff had to move to E.C.B. Plaintiff refused, and a use of force team had to transport plaintiff to his cell in E.C.B., but when plaintiff got there, inmate Hargrove walked in the cell and plaintiff attacked him. Plaintiff alleges no fact that indicates defendant BEACH, who was not present at the time of the incident, or defendant MCCOY knew inmate Hargrove was going to have access to plaintiff's cell. Plaintiff does not allege either defendant tried to make plaintiff stay in the cell with Hargrove. As soon as plaintiff reacted, he was removed and plaintiff does not say he has

been placed in contact with Hargrove since.

Plaintiff states he "believes all defendants named on this date and prior did conspire to injure plaintiff . . .." It is well settled that " 'mere conclusory allegations of conspiracy cannot, absent reference to material facts,' state a substantial claim of federal conspiracy." *McAfee v. 5th Circuit Judges*, 884 F.2d 221 (5th Cir.1989), *cert. denied*, 493 U.S. 1083, 110 S.Ct. 1141, 107 L.Ed.2d 1046 (1990). Plaintiff does not allege any material fact to support his claim of conspiracy and has failed to state a claim on which relief can be granted.

Plaintiff has also claimed the defendants violated his First Amendment right of free exercise, but plaintiff has alleged no facts to support this claim. A plausible entitlement to relief exists when the allegations in the complaint cross the thresholds separating the "conclusory" from the "factual" and the "factually neutral" from the "factually suggestive." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1966 n.5, 167 L.Ed.2d 929 (2007). To state a claim upon which relief may be granted, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). The Court has viewed plaintiff's allegations in the light most favorable to him and finds plaintiff has not alleged sufficient facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

## CONCLUSION

Pursuant to Title 28 U.S.C. sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff OSBALDO ELIZONDO is DISMISSED WITH

PREJUDICE AS FRIVOLOUS and FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail.  The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

It is SO ORDERED.

Signed this the _____ day of _____, 2014.


MARY LOU ROBINSON
United States District Judge

12